IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SOUTHWEST STEEL COIL, INC.,
a New Mexico Corporation, and
CALSTRIP INDUSTRIES, INC.,
a California Corporation,

      Plaintiffs,

vs.                                                  No. CIV 03-1040 RB/LCS

FIREMAN'S FUND INSURANCE COMPANY,
a California Corporation, REDWOOD FIRE
AND CASUALTY INSURANCE COMPANY,
a Nebraska Corporation, MARIA ISABEL
GARCIA, Individually, and as next friend of
NELLY MARIA GARCIA, ISABEL MARIA
GARCIA and JUDITH MARIE GARCIA,
minor children, and on behalf of the Estate of
Guerrero Garcia, deceased,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiffs' Motion to Amend Complaint, filed on June 17, 2003. Jurisdiction arises under 28 U.S.C. §1332. Having reviewed the submissions of the parties and the relevant law, I find that the motion to amend complaint should be granted and that this matter should be remanded to state court for lack of subject matter jurisdiction.

**I. Introduction.**

This diversity action was removed on September 9, 2003. On June 17, 2003, Plaintiffs moved to amend the complaint to include a claim against Gary Keenan and Keenan & Associates for negligently failing to advise Redwood of the April 17, 2001 occurrence. Gary Keenan and Keenan

& Associates are citizens of New Mexico.

**II.  Background.**

On April 17, 2001, Guerrero Garcia was killed while working on the premises of Southwest Steel Coil's (Southwest's) facility in Santa Teresa, New Mexico.  Mr. Garcia was an employee of Randstad Staffing Services at the time of the accident.  Calstrip is the parent company of Southwest.

On September 1, 2001, Maria Isabel Garcia, widow of Mr. Garcia, filed suit in the Third Judicial District Court of the State of New Mexico on behalf of herself, her minor children, and Mr. Garcia's estate on theories of premise liability and employer liability under *Delgado v. Phelps Dodge Chino, Inc.*, 131 N.M. 272, 34 P.3d 1148 (2001) (exclusivity provisions of New Mexico Workers' Compensation Act inapplicable when an employer intentionally inflicts or willfully causes a worker to suffer an injury).  The underlying case was styled *Maria Isabel Garcia, Individually, and as next friend of Nelly Maria Garcia, Isabel Maria Garcia and Judith Marie Garcia, minor children, and on behalf of the Estate of Guerrero Garcia, deceased v. Southwest Steel Coil, Inc. and Calstrip Industries, Inc.*, and numbered CV 2001-1142. (Mot. to Intervene Ex. A.)  The underlying case was assigned to the Honorable Jerald A. Valentine. (*Id*.)

At the time of the accident, Southwest and Calstrip had in effect a general liability policy with a limit of $1,000,000.00 per occurrence for bodily injury and an excess and umbrella insurance policy with a limit of $2,000,000.00 per occurrence issued by Fireman's Fund Insurance Company.  (Notice of Removal ¶ 4.)  Southwest also had purchased a workers' compensation policy and an employer's liability insurance policy with a limit of $100,000.00 per accident issued by Redwood Fire and Casualty Insurance Company.  (Proposed Compl. in Intervention ¶ 7.)

On January 10, 2003, Southwest and Calstrip filed the instant action for declaratory judgment, breach of contract, bad faith, violation of the New Mexico Unfair Trade Practices Act (NMUTPA), New Mexico Unfair Insurance Practices Act (NMUIPA), negligence, and estoppel in the Third Judicial District Court. *See Southwest Steel Coil, Inc., et al. v. Fireman's Fund Insurance Company, et al.,* CV-2003-50. (Redwood Ex. A.) This case was also assigned to Judge Valentine.

On March 26, 2003, before Judge Valentine issued any substantive rulings, Mrs. Garcia settled the underlying case with Fireman's Fund for $2,125,000.00 and executed a general release discharging any claim against Calstrip, Southwest, Fireman's Fund. (Redwood Ex. C.)

On June 17, 2003, Southwest and Calstrip filed a motion to amend complaint to add claims against Gary Keenan and Keenan & Associates for negligent failure to notify Redwood of the *Garcia* claim. On June 23, 2003, Southwest and Calstrip moved for partial summary judgment on the breach of contract, NMUTPA, and NMUIPA claims.

On September 2, 2003, Southwest and Calstrip dismissed their claims against Fireman's Fund and Mrs. Garcia pursuant to Rule 41(a), leaving the remaining parties completely diverse. The case was removed on September 9, 2003.

**III. Analysis.**

    **A. Whether the motion to amend the complaint should be granted.**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C.§ 1447(e). Subject matter jurisdiction is founded solely on diversity under 28 U.S.C. § 1332. To satisfy the diversity of citizenship requirement of 28 U.S.C. §

1332(a)(1), no plaintiff can be a citizen of the same state as any defendant. *Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1096 (10th Cir. 2003) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). Except in cases involving substitution of parties pursuant to FED. R. CIV. P. 25,[1] the addition of a nondiverse party destroys diversity jurisdiction. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 680 (5th Cir. 1999). Because Mr. Keenan and Keenan & Associates are newly joined parties, their addition would destroy diversity jurisdiction.

Generally, leave to amend "should be freely given when justice so requires." FED. R. CIV. P. 15(a). However, the liberality otherwise provided to proposed amendments under Rule 15(a) does not apply where the amendment would destroy jurisdiction. *See* 6 Wright and Miller, FEDERAL PRACTICE AND PROCEDURE § 1447 (2003). When faced with an amended pleading naming a new nondiverse defendant in a removed case, the court should scrutinize that amendment more closely than an ordinary amendment. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *see also Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488-89 (10th Cir. 1991) (affirming district court's dismissal of state claims for lack of jurisdiction over nondiverse defendants added after removal, citing *Hensgens* with approval). The decision of whether or not to permit joinder of a defendant is committed to the sound discretion of the court. *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999).

In exercising this discretion, the court should consider all relevant factors, including: (1) the

---

[1] In *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991), the Supreme Court made the sweeping statement, "[d]iversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action." *Id.* Courts have noted that a literal application of this dictum to newly joined parties would render 28 U.S.C. § 1447(e) meaningless and would vastly change the law in diversity cases. *Sharp v. Kmart Corp.*, 991 F.Supp. 519, 524 (M. D. La.1998) ; *see e.g. Salt Lake Tribune Pub. Co.*, 320 F.3d at 1096 (applying *Freeport-McMoRan* in Rule 25 context).

extent that the amendment is intended to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens*, 833 F.2d at 1182. The court should then balance the equities and decide whether amendment should be permitted. *Id.* If the court permits amendment to include a nondiverse defendant, it must remand to state court. *Id.* If the amendment is not allowed, the federal court maintains jurisdiction. *Id.*

In the proposed amended complaint, Southwest alleges that Gary Keenan is a New Mexico resident. (Am. Compl. ¶ 6.) Keenan & Associates is a New Mexico corporation. (Am. Compl. ¶ 6.) Gary Keenan is employed by Keenan & Associates. (Am. Compl. ¶ 15.) Gary Keenan and Keenan & Associates served as an administrative agent for Redwood. (Am. Compl. ¶ 16.) On April 23, 2001, Southwest Steel sent a letter to Gary Keenan and Keenan & Associates in their capacity as administrative agent for Redwood to notify Redwood of the April 17, 2001 accident. (Am. Compl. ¶ 23.) Fireman's Fund tendered a defense of the *Garcia* action to Redwood on October 15, 2002, and again on December 20, 2002. (Am. Compl. ¶¶ 33; 44.) Redwood did not respond to the tenders. (Am. Compl. ¶ 67.) Southwest alleges that Gary Keenan and Keenan & Associates breached its duty to provide ordinary care by negligently failing to advise or inform Redwood that Southwest had provided notice of the April 17, 2001 accident. (Am. Compl. ¶ 120.)

Redwood argues that the amendment is aimed at defeating federal jurisdiction because Southwest has no basis for a negligence claim against Mr. Keenan and Keenan & Associates. New Mexico law recognizes negligence actions against insurance agents. *See Lovato v. Crawford & Co.*, 134 N.M. 108, 73 P.3d 246 (Ct. App. 2003). Redwood has taken the position that Southwest failed to timely notify Redwood of the April 17, 2001 accident and that notice to Mr. Keenan and Keenan

& Associates was insufficient to constitute notice to Redwood. (Resp. at 7.) Therefore, the proposed amended complaint asserts potentially viable claims against Mr. Keenan and Keenan & Associates. The first *Hensgens* factor weighs in favor of Southwest.

Redwood argues that Southwest was dilatory in moving to amend because Southwest should have assumed that Redwood was not notified of the accident when Redwood failed to respond to the notice and tenders. Redwood claims that it was not notified of the accident until December 20, 2002. Although these facts may bear in the coverage issue, they are irrelevant to the question of whether Southwest was dilatory in filing its motion to amend. Redwood answered the original complaint on March 17, 2003; the motion to amend was filed on June 17, 2003. The state court had set the deadline for filing motions and amendments for June 19, 2003. There had been no substantive rulings and discovery was not set to terminate until November 3, 2003. Under these circumstances, Southwest was not dilatory in filing the motion to amend. The second *Hensgens* factor balances in its favor.

The third relevant factor under *Hensgens* is whether the plaintiff would be significantly injured if amendment were not allowed. Redwood relies in part on defective notice to justify its denial of a defense and coverage. If Redwood prevails on its defective notice theory, Southwest would be significantly injured unless Mr. Keenan and Keenan & Associates are joined. In light of all relevant factors, the equities indicate that Southwest should be permitted to amend its complaint to allege negligence against Mr. Keenan and Keenan & Associates. The motion to amend should be granted.

Because the amended complaint names non-diverse parties, subject matter jurisdiction has been destroyed and the case should be remanded to state court pursuant to 28 U.S.C. § 1447(e).

**IV. Conclusion.**

Southwest's motion to amend complaint should be granted. Southwest should be permitted to amend its complaint to allege negligence against Mr. Keenan and Keenan & Associates. This action should be remanded to the Third Judicial District Court, County of Doña Ana, State of New Mexico for lack of subject matter jurisdiction.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion to Amend Complaint, filed on June 17, 2003, is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED TO THE THIRD JUDICIAL DISTRICT COURT, COUNTY OF DOÑA ANA, STATE OF NEW MEXICO.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**